CLERK, U.S. DISTRICT COURT

NOV 10 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CORNELL WALKER,                    )    NO. CV 08-7768-JSL(E)
                                   )
            Petitioner,            )
                                   )
      v.                           )    ORDER ADOPTING FINDINGS,
                                   )
JAMES WALKER, Warden,              )    CONCLUSIONS AND RECOMMENDATIONS
                                   )
            Respondent.            )    OF UNITED STATES MAGISTRATE JUDGE
                                   )
_____)


        Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  The Court approves
and adopts the Magistrate Judge's Report and Recommendation.

        IT IS ORDERED that Judgment be entered denying and dismissing
the Petition with prejudice.

///
///
///
///

1       IT IS FURTHER ORDERED that the Clerk serve copies of this

2 Order, the Magistrate Judge's Report and Recommendation and the

3 Judgment herein by United States mail on Petitioner and counsel for

4 Respondent.

5

6       LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8       DATED:   _____11/10/09_____, 2009.

9

10

11       _____

12       J. SPENCER LETTS
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   CORNELL WALKER,                ) NO. CV 08-7768-JSL(E)
                                    )
12            Petitioner,           )
                                    )
13       v.                         ) REPORT AND RECOMMENDATION OF
                                    )
14   JAMES WALKER, Warden,          ) UNITED STATES MAGISTRATE JUDGE
                                    )
15            Respondent.           )
                                    )
16   _____)

17

18       This Report and Recommendation is submitted to the Honorable

19   J. Spencer Letts, United States District Judge, pursuant to 28 U.S.C.

20   section 636 and General Order 05-07 of the United States District

21   Court for the Central District of California.

22

23                          PROCEEDINGS

24

25       Petitioner filed a "Petition for Writ of Habeas Corpus By a

26   Person in State Custody" on November 25, 2008.  Respondent filed an

27   Answer on March 19, 2009.  Petitioner filed a Reply on June 3, 2009.

28   ///

1

**BACKGROUND**

2

3     Evidence at Petitioner's trial showed that, on November 29, 2001,

4   a joint task force of Los Angeles police officers and FBI agents was

5   conducting a narcotics investigation in Los Angeles, using a

6   confidential informant (Reporter's Transcript ["R.T."] 89, 254).

7   Officers allegedly saw the informant being chased by two suspects,

8   neither of whom was Petitioner (R.T. 254-55).  Near the location where

9   police detained the two suspects, officers allegedly observed a

10  vehicle parked on the street with the motor running and the doors

11  locked (R.T. 73, 106, 240).  Petitioner allegedly approached, showed

12  his car registration, and asked what was happening with his car (R.T.

13  74-75, 241-42, 245-46).  Petitioner allegedly consented to a search of

14  the car (R.T. 75).  Officers allegedly found a loaded handgun in a

15  hole under the rear seat (R.T. 77-78, 81, 252-53).  Petitioner

16  allegedly attempted to flee, but was apprehended after a brief

17  struggle (R.T. 78-80, 250-51).  Petitioner allegedly admitted that the

18  gun was his (R.T. 275).

19

20    A federal indictment charged Petitioner with possession of a

21  firearm by a felon in violation of 18 U.S.C. section 922(g).  <u>See</u>

22  <u>United States v. Walker</u>, CV 01-1277-WMB.[1]  At a hearing on

23  February 27, 2002, United States District Judge William M. Byrne, Jr.

24  granted a defense motion to suppress the firearm (Clerk's Transcript

25

26  ————————————

27    [1]    The Court takes judicial notice of the docket in <u>United
States v. Walker</u>, CV 01-1277-WMB.  <u>See</u> <u>Mir v. Little Company of</u>

28  <u>Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take
judicial notice of court records).

2

1  "After Remittitur" ["Remand C.T."] 142-343).  Judge Byrne subsequently

2  dismissed the indictment with prejudice (see Order dated May 1, 2002

3  in United States v. Walker, CV 01-1277-WMB).

4

5      The State of California then charged Petitioner, in an Amended

6  Information, with one count of possession of a firearm by a felon in

7  violation of California Penal Code section 12021(a)(1) (Count One) and

8  one count of possessing a concealed firearm in a vehicle while being

9  within a class of persons prohibited from such possession in violation

10 of California Penal Code sections 12025(a)(1) and (b)(4) (Count Two)

11 (Clerk's Transcript ["C.T."] 65-68).  The Amended Information further

12 alleged that Petitioner had suffered four prior serious or violent

13 felony convictions qualifying as "strikes" within the meaning of

14 California's Three Strikes Law,[2] and had suffered six convictions for

15 which he served prior prison terms within the meaning of California

16 Penal Code section 667.5(b) (C.T. 66).

17

18     Prior to trial, Petitioner filed a motion suppress the firearm

19 pursuant to California Penal Code section 1538.5 (Supplemental Clerk's

20 Transcript 2-13).  After a hearing, the Superior Court denied the

21 motion (Remand C.T. 48-105).

22

23 _____

24     [2]    The Three Strikes Law consists of two nearly identical
   statutory schemes.  The earlier provision, enacted by the

25 Legislature, was passed as an urgency measure, and is codified as
   California Penal Code §§ 667(b) - (i) (eff. March 7, 1994).  The

26 later provision, an initiative statute, is embodied in California
   Penal Code § 1170.12 (eff. Nov. 9, 1994).  See generally People

27 v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal.
   Rptr. 2d 789, 917 P.2d 628 (1996).  Petitioner was charged under

28 both versions (C.T. 66).

3

1   Thereafter, the court granted the prosecution's request to
2   dismiss Count Two (Supplemental Reporter's Transcript 236), and trial
3   proceeded on Count One.  The jury found Petitioner guilty of
4   possession of a firearm by a felon as alleged in Count One (R.T. 422;
5   C.T. 160-62).  The court found true the prior conviction allegations
6   (R.T. 467-68; C.T. 235).  The court struck one of Petitioner's strikes
7   pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497, 53
8   Cal. Rptr. 2d 789, 917 P.2d 628 (1996) ("Romero") (R.T. 481; C.T.
9   239).  Petitioner received a sentence of twenty-five years to life
10  (R.T. 481-82; C.T. 236-41).

11

12   The California Court of Appeal reversed, ruling that the court
13  had erred in refusing to allow Petitioner's counsel to explore fully
14  at the suppression hearing the issue of detention, and that
15  Petitioner's trial counsel ineffectively failed to renew the motion to
16  suppress before the trial judge (see Respondent's Lodgment 8; People
17  v. Walker, 2004 WL 2809518 (Cal. Ct. App. 2d Dist. Dec. 8, 2004).  The
18  Court of Appeal remanded the matter "for further proceedings
19  consistent with this opinion."  People v. Walker, 2004 WL 2809518, at
20  *7.  The California Supreme Court denied Petitioner's petition for
21  review on February 23, 2005 (Respondent's Lodgments 9, 10).

22

23   On remand, the trial court conducted a new suppression hearing
24  and again denied the motion to suppress (Reporter's Transcript of
25  Proceedings on May 5, 2005; July 1, 5 and 11, 2005; September 1, 2 and
26  19, 2005; October 6, 11, 19, 25 and 31, 2005; November 1, 2005
27  ["Remand R.T."] 48-263).  The trial court then reinstated the judgment
28  and sentence of twenty-five years to life (Remand R.T. 266-69, 276).

4

1   The Court of Appeal affirmed the judgment (see Respondent's
2   Lodgment 16; People v. Walker, 2006 WL 3307077 (Cal. Ct. App. 2d Dist.
3   Nov. 15, 2006).  The California Supreme Court denied Petitioner's
4   petition for review (Respondent's Lodgments 17, 18).
5
6   Petitioner filed a habeas corpus petition in the Superior Court,
7   which that court denied on May 8, 2007 (Respondent's Lodgment 19, Exs.
8   A, C).  Petitioner filed a habeas corpus petition in the California
9   Court of Appeal, which that court denied on August 29, 2007
10  (Respondent's Lodgments 19, 20).  Petitioner filed a habeas corpus
11  petition in the California Supreme Court on October 29, 2007, which
12  that court ordered withdrawn on January 2, 2008 pursuant to
13  Petitioner's request (Respondent's Lodgments 21, 22).  Petitioner
14  filed another habeas corpus petition in the California Supreme Court
15  on December 21, 2007, which that court denied on June 11, 2008
16  (Respondent's Lodgments 23, 24).
17
18                      PETITIONER'S CONTENTIONS
19
20  1.  By excluding the transcript of the federal suppression
21  hearing, the trial court allegedly denied Petitioner a full and fair
22  opportunity to litigate the suppression motion (Ground One);
23
24  2.  Petitioner's appellate counsel allegedly provided ineffective
25  assistance by failing to raise a claim that trial counsel assertedly
26  rendered ineffective assistance on remand by failing to call witnesses
27  and to present evidence in support of the suppression motion (Ground
28  Two);

1    3.   The trial court's denial of the suppression motion on remand
2  allegedly was based on an unreasonable determination of the facts and
3  assertedly was contrary to federal law (Ground Three);

4

5    4.   The trial court allegedly erred in failing to conduct a new
6  sentencing hearing on remand (Ground Four); and

7

8    5.   Petitioner allegedly received an unconstitutional sentence
9  (Ground Five).

10

11                           STANDARD OF REVIEW

12

13      Under the "Antiterrorism and Effective Death Penalty Act of 1996"
14  ("AEDPA"), signed into law April 24, 1996, a federal court may not
15  grant an application for writ of habeas corpus on behalf of a person
16  in state custody with respect to any claim that was adjudicated on the
17  merits in state court proceedings unless the adjudication of the
18  claim: (1) "resulted in a decision that was contrary to, or involved
19  an unreasonable application of, clearly established Federal law,
20  as determined by the Supreme Court of the United States"; or
21  (2) "resulted in a decision that was based on an unreasonable
22  determination of the facts in light of the evidence presented in the
23  State court proceeding." 28 U.S.C. § 2254(d) (as amended); see also
24  Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537
25  U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

26

27      "Clearly established Federal law" refers to the governing legal
28  principle or principles set forth by the Supreme Court at the time the

6

1   state court renders its decision.  Lockyer v. Andrade, 538 U.S. 63

2   (2003).  A state court's decision is "contrary to" clearly established

3   Federal law if: (1) it applies a rule that contradicts governing

4   Supreme Court law; or (2) it "confronts a set of facts. . . materially

5   indistinguishable" from a decision of the Supreme Court but reaches a

6   different result.  See Early v. Packer, 537 U.S. at 8 (citation

7   omitted); Williams v. Taylor, 529 U.S. at 405-06.

8

9       Under the "unreasonable application prong" of section 2254(d)(1),

10  a federal court may grant habeas relief "based on the application of a

11  governing legal principle to a set of facts different from those of

12  the case in which the principle was announced."  Lockyer v. Andrade,

13  538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537

14  U.S. at 24-26 (state court decision "involves an unreasonable

15  application" of clearly established federal law if it identifies the

16  correct governing Supreme Court law but unreasonably applies the law

17  to the facts).

18

19      A state court's decision "involves an unreasonable application of

20  [Supreme Court] precedent if the state court either unreasonably

21  extends a legal principle from [Supreme Court] precedent to a new

22  context where it should not apply, or unreasonably refuses to extend

23  that principle to a new context where it should apply."  Williams v.

24  Taylor, 529 U.S. at 407 (citation omitted).

25

26      "In order for a federal court to find a state court's application

27  of [Supreme Court] precedent 'unreasonable,' the state court's

28  decision must have been more than incorrect or erroneous."  Wiggins v.

7

1  <u>Smith</u>, 539 U.S. 510, 520 (2003) (citation omitted).  "The state

2  court's application must have been 'objectively unreasonable.'"  <u>Id.</u>

3  at 520-21 (citation omitted); <u>see also</u> <u>Davis v. Woodford</u>, 384 F.3d

4  629, 637-38 (9th Cir. 2004).

5

6      In applying these standards, this Court looks to the last

7  reasoned state court decision.  <u>See</u> <u>Delgadillo v. Woodford</u>, 527 F.3d

8  919, 925 (9th Cir. 2008).  To the extent no such reasoned opinion

9  exists, as where a state court rejected a claim in an unreasoned

10 order, this Court must conduct an independent review to determine

11 whether the decisions were contrary to, or involved an unreasonable

12 application of, "clearly established" Supreme Court precedent.  <u>See</u>

13 <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000).

14

15                                 DISCUSSION

16

17 I.   <u>Petitioner's Challenge to the Trial Court's Exclusion of the</u>

18      <u>Transcript of the Federal Suppression Hearing Does Not Merit</u>

19      <u>Habeas Relief.</u>

20

21      A.   <u>Background</u>

22

23      At the suppression hearing on remand, Petitioner's counsel told

24 the court that he wished to call FBI agent Nicole Kilgore to testify,

25 but was unable to locate Kilgore (Remand R.T. 209).  The parties

26 stipulated that Kilgore was unavailable (Remand R.T. 209-10).

27 Petitioner's counsel sought to introduce Kilgore's testimony from the

28

                                      8

1    federal suppression hearing (Remand R.T. 233).[3]  The prosecution
2    objected on the ground that, under California Penal Code section
3    1291(a)(2), the federal transcript was not admissible because the
4    state was not a party to the federal proceeding (Remand R.T. 233, 238-
5    39).[4]  The court indicated that, because the prosecution called
6    Kilgore as a witness at the federal suppression hearing, and hence
7    would have had no "right and opportunity" to cross-examine her, the
8    proper Evidence Code section was California Evidence Code section
9    1291(a)(1) (Remand R.T. 238-39).  Section 1291(a)(1) provides that
10   evidence of former testimony is not made inadmissible by the hearsay
11   rule "if the declarant is unavailable and the former testimony is
12   offered against a person who offered it in evidence in his own behalf
13   on the former occasion or against the successor in interest of such a
14   person. . . ."

16       The court inquired whether there was "any indication that in any
17   way the Los Angeles County District Attorney's Office participated in
18   the federal prosecution" (Remand R.T. 239).  Petitioner's counsel said
19   "[n]ot that I know of," and the prosecutor said there was "no such

21       [3]    The prosecutor conceded that Kilgore's preliminary
22   hearing testimony was admissible, and the court admitted that
     testimony (R.T. 233).
23
         [4]    California Evidence Code section 1291(a)(2) provides
24   that evidence of former testimony is not made inadmissible by the
25   hearsay rule if the declarant is unavailable as a witness and
     "[t]he party against whom the former testimony is offered was a
26   party to the action or proceeding in which the testimony was
     given and had the right and opportunity to cross-examine the
27   declarant with an interest and motive similar to that which he
     has at the hearing."
28

evidence" (Remand R.T. 239). The court analogized the situation to that in People v. Meredith, 11 Cal. App. 4th 1548, 1558-59, 15 Cal. Rptr. 2d 285 (1992), which held that a prior determination in a federal court suppression hearing has collateral estoppel effect in a subsequent state proceeding only if state prosecutors actively participated in the federal prosecution (Remand R.T. 239-40). The court ruled Kilgore's federal testimony inadmissible (Remand R.T. 242).

However, the court also indicated a desire to make an "alternative ruling," and asked the attorneys what, if anything, contained in the federal transcripts would affect the issue whether Petitioner consented to the search (Remand R.T. 248-49). Petitioner's counsel said that the federal transcript contained Kilgore's statement that officers did not believe that Petitioner was a suspect in the robbery (Remand R.T. 250). The court agreed with counsel's characterization of the federal transcript, but stated that, while the officers might not have been suspicious of Petitioner when he approached them, the officers believed that the car might have been involved in the robbery (Remand R.T. 250-51). The court again asked Petitioner's counsel what the federal transcript contained that counsel thought was significant (Remand R.T. 251-52). Counsel said that Kilgore had testified in the federal hearing that the officers would have stopped Petitioner if he had attempted to walk away (Remand R.T. 252). The court responded that the officers' subjective intent was irrelevant (Remand R.T. 252).

The court said:

1  . . . As I told you, I'm planning on making a ruling, both

2  based on the inadmissibility of the federal transcript, and

3  also I believe my ruling in this case would be the same

4  whether or not I may have been ruling the federal transcript

5  was inadmissible.  So I just want to make it absolutely

6  clear that I want to give you a full opportunity to argue as

7  if the federal transcript were received.  Because I think

8  there was free and voluntary consent, whether or not the

9  federal transcript was properly received by this court.  And

10  since I'm going to make an alternative tentative ruling, I

11  want to make it absolutely clear that I want to give you the

12  opportunity to argue the case as if I had received the

13  federal transcript.

14

15  (Remand R.T. 253-54).

16

17  The court asked if Petitioner's counsel had anything further to

18  say regarding the federal transcript (Remand R.T. 254).  Petitioner's

19  counsel conferred with Petitioner (Remand R.T. 254).  Petitioner's

20  counsel then told the court that in the federal hearing Kilgore had

21  testified that the officers had been trying to get into the car when

22  Petitioner approached (Remand R.T. 254).

23

24  The court denied the motion (Remand R.T. 263).  The court found

25  that Petitioner had consented to the search, and that any detention

26  did not occur until after officers found the gun (Remand R.T. 255-59).

27  Out of an "abundance of caution," the court ruled, alternatively, that

28  if the federal transcript had been admitted, the court still would

1  have found that Petitioner consented to the search (Remand R.T. 259).[5]

2

3  **B.  Discussion**

4

5  Petitioner contends that the exclusion of the federal transcript

6  violated the Constitution, by assertedly denying Petitioner the

7  opportunity to litigate his Fourth Amendment claim fully and fairly

8  (Petition, p. 5; Reply, pp. 9-14).  Petitioner raised this claim in

9  his habeas petition filed in the California Supreme Court, which that

10  court denied summarily (see Respondent's Lodgments 23, 24).

11  Therefore, this Court must conduct an independent review to determine

12  whether the state court decisions were contrary to, or involved an

13  unreasonable application of, "clearly established" Supreme Court

14  precedent.  See Delgado v. Lewis, 223 F.3d at 982.

15

16  "In conducting habeas review, a federal court is limited to

17  deciding whether a conviction violated the Constitution, laws, or

18  treaties of the United States." Estelle v. McGuire, 502 U.S. at 68.

19  Allegations of state law error are not cognizable on federal habeas

20  corpus review.  Id. at 67-68.  In limited circumstances, however, the

21  exclusion of crucial evidence may violate the Constitution.  See

22  Holmes v. South Carolina, 547 U.S. 319, 324 (2006) ("[w]hether rooted

23  directly in the Due Process Clause of the Fourteenth Amendment, or in

24  the Compulsory Process or Confrontation clauses of the Sixth

25  Amendment, the Constitution guarantees criminal defendants a

26  _____

27  [5]  The court also ruled that the officers had probable
cause to search Petitioner's car in the absence of consent

28  (Remand R.T. 261-62).

1  meaningful opportunity to present a complete defense") (citations and

2  internal quotations omitted); see also Chambers v. Mississippi, 410

3  U.S. 284, 302 (1973).

4

5      Here, however, the trial court did not deny Petitioner a

6  "meaningful opportunity" to present his evidence.  Although the court

7  ruled the federal transcript inadmissible as a matter of state law,

8  such ruling was essentially academic.  The court nevertheless allowed

9  Petitioner's counsel to argue that testimony in the federal transcript

10 showed the search assertedly was unlawful.  The court then issued an

11 alternative ruling denying Petitioner's suppression motion after

12 consideration of counsel's arguments pertaining to the federal

13 transcript.  In these circumstances, Petitioner plainly has not shown

14 that the California Supreme Court's rejection of Petitioner's claim

15 was contrary to, or an unreasonable application of, any clearly

16 established Federal law as determined by the United States Supreme

17 Court.  See 28 U.S.C. § 2254(d).  Petitioner is not entitled to habeas

18 relief on Ground One of the Petition.[6]

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25

26      [6]     To the extent Petitioner asserts, in Ground One, that
   the trial court erred in ruling that Petitioner consented to the
27 search and that probable cause supported the search (see Reply,
   pp. 12-14), such assertions replicate the claim asserted in
28 Ground Three of the Petition, which the Court addresses below.

II.   **Petitioner's Claim of Ineffective Assistance of Appellate Counsel Does Not Merit Habeas Relief.**

A.   **Legal Standards**

To establish ineffective assistance of counsel, Petitioner must prove: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688, 694, 697 (1984) ("Strickland").  A reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The court may reject the claim upon finding either that counsel's performance was reasonable or the claimed error was not prejudicial.  Id. at 697; Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the Strickland test obviates the need to consider the other.") (citation omitted).  For purposes of habeas review under 28 U.S.C. section 2254(d), Strickland sets forth clearly established Federal law as determined by the United States Supreme Court.  See Williams v. Taylor, 529 U.S. at 391 (citation and quotations omitted).

Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment.  Williams v. Woodford, 384 F.3d 567, 610 (9th Cir. 2004), cert. denied, 546 U.S. 934 (2005) (quoting Strickland, 466 U.S. at 689).  The court must judge the reasonableness of counsel's conduct "on the facts of the particular

14

1  case, viewed as of the time of counsel's conduct." <u>Strickland</u>, 466

2  U.S. at 690.  The court may "neither second-guess counsel's decisions,

3  nor apply the fabled twenty-twenty vision of hindsight." <u>Karis v.</u>

4  <u>Calderon</u>, 283 F.3d 1117, 1130 (9th Cir. 2002), <u>cert. denied</u>, 539 U.S.

5  958 (2003) (citation and quotations omitted); <u>see</u> <u>Yarborough v.</u>

6  <u>Gentry</u>, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees

7  reasonable competence, not perfect advocacy judged with the benefit of

8  hindsight.") (citations omitted).  Petitioner bears the burden to

9  "overcome the presumption that, under the circumstances, the

10  challenged action might be considered sound trial strategy."

11  <u>Strickland</u>, 466 U.S. at 689 (citation and quotations omitted).

12

13      The standards set forth in <u>Strickland</u> govern claims of

14  ineffective assistance of appellate counsel.  <u>See</u> <u>Smith v. Robbins</u>,

15  528 U.S. 259, 285-86 (2000); <u>Bailey v. Newland</u>, 263 F.3d 1022, 1028

16  (9th Cir. 2001), <u>cert. denied</u>, 535 U.S. 995 (2002).  Appellate counsel

17  has no constitutional obligation to raise all non-frivolous issues on

18  appeal.  <u>Pollard v. White</u>, 119 F.3d 1430, 1435 (9th Cir. 1997).  "A

19  hallmark of effective appellate counsel is the ability to weed out

20  claims that have no likelihood of success, instead of throwing in a

21  kitchen sink full of arguments with the hope that some argument will

22  persuade the court." <u>Id.</u>  Appellate counsel's failure to raise an

23  issue on direct appeal cannot constitute ineffective assistance when

24  "the appeal would not have provided grounds for reversal." <u>Wildman v.</u>

25  <u>Johnson</u>, 261 F.3d 832, 840 (9th Cir. 2001) (citation omitted).

26  ///

27  ///

28  ///

**B.    Discussion**

Petitioner contends his appellate counsel rendered ineffective assistance by failing to raise on appeal a claim that trial counsel ineffectively failed to present witnesses and evidence at the suppression hearing on remand (Petition, p. 5).  The Petition does not identify the witnesses and evidence Petitioner contends should have been presented.  Such conclusory allegations do not warrant habeas relief.  See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief).

In the Reply, however, Petitioner states:

> Petitioner asserts that where his claims specifically
> address the significant error of counsel during the Remanded
> 1539.5 hearing, and the prejudice to petitioner where
> counsel failed to point out that it was prior counsel's
> ineffective assistance during the preliminary hearing for
> failure to impeach Agent Kilgore with her federal
> suppression hearing testimony, that was the basis for the
> court on remand to deny admittance of the federal
> suppression hearing transcripts (for purposes of challenging
> credibility of that witness), constituted excusable neglect
> on the part of petitioner, to afford the court to allow the
> admittance of the federal suppression hearing testimony.

(Reply, p. 15).  While the meaning of this statement is not entirely

1   clear, it appears Petitioner contends that appellate counsel

2   ineffectively failed to argue on appeal that trial counsel should have

3   argued, at the suppression hearing on remand, that prior counsel at

4   the preliminary hearing ineffectively failed to impeach Kilgore with

5   her federal testimony.  Petitioner does not identify any particular

6   testimony of Kilgore at the federal hearing that counsel assertedly

7   should have used to impeach Kilgore at the preliminary hearing.  Such

8   unspecific allegations are insufficient to warrant habeas relief.  See

9   James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935

10  (1994) (Strickland claim insufficient where petitioner failed to

11  identify what evidence counsel should have presented which would have

12  aided petitioner).  To the extent Petitioner contends that, if counsel

13  at the suppression hearing on remand had raised the issue of prior

14  counsel's purported ineffectiveness at the preliminary hearing, the

15  court would have rectified the alleged ineffectiveness by admitting

16  any or all of the federal transcript, Petitioner is mistaken.  As

17  indicated previously, at the suppression hearing on remand the court

18  deemed the issue of the federal transcript's admissibility to be

19  governed by California Evidence Code section 1291(a)(1).  Whether

20  counsel was or was not ineffective at the preliminary hearing was

21  immaterial to the issue of the admissibility of the federal transcript

22  under that statute.

23

24      Petitioner's Reply also asserts that Petitioner sought to have

25  counsel (apparently counsel at the suppression hearing on remand)

26  subpoena the tow truck operator who allegedly impounded Petitioner's

27  car (Reply, p. 15).  Petitioner asserts that the tow truck operator

28  could have testified that the car had manual door locks, which

1  allegedly would have shown the purported falsity of Kilgore's asserted

2  testimony that Petitioner used a "clicker" to unlock the car (Reply,

3  p. 15).   Petitioner apparently contends appellate counsel

4  ineffectively failed to raise on appeal trial counsel's alleged

5  ineffectiveness in this regard.

6

7        However, where analysis of a claim of ineffective assistance of

8  trial counsel would require recourse to matters outside the appellate

9  record, California law requires the claim to be asserted in a petition

10  for writ of habeas corpus, not on direct appeal.   See, e.g., People v.

11  Mendoza Tello, 15 Cal. 4th 264, 267-68, 62 Cal. Rptr. 2d 437, 933 P.2d

12  1134 (1997); People v. Pope, 23 Cal. 3d 412, 426-28, 152 Cal. Rptr.

13  732, 590 P.2d 859 (1979).   "[B]ecause, in general, it is inappropriate

14  for an appellate court to speculate as to the existence or

15  nonexistence of a tactical basis for a defense attorney's course of

16  conduct when the record on appeal does not illuminate the basis for

17  the attorney's challenged acts or omissions, a claim of ineffective

18  assistance is more appropriately made in a habeas corpus proceeding,

19  in which the attorney has the opportunity to explain the reasons for

20  his or her conduct."   People v. Wilson, 3 Cal. 4th 926, 936, 13 Cal.

21  Rptr. 2d 259, 838 P.2d 1212 (1992), cert. denied, 507 U.S. 1006

22  (1993); see also People v. Frye, 18 Cal. 4th 894, 979-30, 77 Cal.

23  Rptr. 2d 25, 959 P.2d 183 (1998), cert. denied, 526 U.S. 1023 (1999)

24  (citations and internal quotations omitted) ("a reviewing court will

25  reverse a conviction on the ground of inadequate counsel only if the

26  record on appeal affirmatively discloses that counsel had no rational

27  tactical purpose for his act or omission") (citations and internal

28  quotations omitted).   Here, appellate counsel reasonably could have

1  determined that Petitioner's claim that trial counsel ineffectively
2  failed to subpoena the tow truck operator encompassed matters outside
3  the appellate record, and hence could not be brought on direct appeal.
4  Petitioner cannot properly claim ineffective assistance of appellate
5  counsel in failing to raise these issues in a habeas corpus petition,
6  because Petitioner enjoyed no right to counsel in state post-
7  conviction proceedings.  See Murray v. Giarratano, 492 U.S. 1, 7-10
8  (1989); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987); Wainwright
9  v. Torna, 455 U.S. 586, 587-88 (1982); Cook v. Schriro, 538 F.3d 1000,
10 1027 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009).

11

12     For the foregoing reasons, Petitioner is not entitled to habeas
13 relief on Ground Two of the Petition.[7]

14

15 **III. Petitioner's Fourth Amendment Claim Is Barred by Stone v. Powell**

16

17     "[W]here the State has provided an opportunity for full and fair
18 litigation of a Fourth Amendment claim, a state prisoner may not be
19 granted federal habeas corpus relief on the ground that evidence [was]
20 obtained in an unconstitutional search or seizure . . . ."  Stone v.
21 Powell, 428 U.S. 465, 494 (1976); see also Woolery v. Arave, 8 F.3d
22 1325, 1326 (9th Cir. 1993), cert. denied, 511 U.S. 1057 (1994).  "The

23

24         [7]    This Court need not determine whether to apply the
25 standard of review set forth in 28 U.S.C. section 2254(d) to this
   claim.  For the reasons discussed herein, Petitioner has failed
26 to demonstrate that appellate counsel acted ineffectively in the
   manner alleged by Petitioner.  Therefore, Petitioner has failed
27 to demonstrate that Petitioner is "in custody in violation of the
   Constitution or laws or treaties of the United States" as
28 required by 28 U.S.C. section 2241(c)(3).

1  relevant inquiry is whether petitioner had the opportunity to litigate

2  his claim, not whether he did in fact do so or even whether the claim

3  was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899

4  (9th Cir. 1996) (citations omitted).

5

6      Petitioner received an opportunity for full and fair litigation

7  of his Fourth Amendment claims in the state courts, and fully availed

8  himself of that opportunity. See Gordon v. Duran, 895 F.2d 610, 613-

9  14 (9th Cir. 1990) (California Penal Code section 1538.5 provides a

10 defendant with a "full and fair" opportunity to litigate a Fourth

11 Amendment search and seizure claim in state court); see also Abell v.

12 Raines, 640 F.2d 1085, 1088 (9th Cir. 1981) (petitioner received full

13 and fair opportunity to litigate where issues were briefed and were

14 considered by state courts).  "All Stone v. Powell requires is the

15 initial opportunity for a fair hearing." Caldwell v. Cupp, 781 F.2d

16 714, 715 (9th Cir. 1986) (citation omitted).  "Such an opportunity for

17 a fair hearing forecloses this court's inquiry, upon habeas corpus

18 petition, into the trial court's subsequent course of action. . . ."

19 Id. (citations omitted).[8]

20

21     Petitioner's allegations that the state court erred in denying

22 the motion to suppress are unavailing.  "Under Stone a federal

23 district court may not relitigate a fourth amendment issue tried fully

24 and fairly in a state court, regardless of its view of the correctness

25 _____

26     [8]    Petitioner's allegation that he did not receive a full
   and fair opportunity to litigate his challenge to the search
27 because the trial court allegedly excluded the federal
   suppression hearing transcript lacks merit for the reasons
28 discussed in Section I, above.

1  of the state decision." Mack v. Cupp, 564 F.2d 898, 901 (9th Cir.

2  1977) (emphasis added); accord Siripongs v. Calderon, 35 F.3d 1308,

3  1321 (9th Cir. 1994), cert. denied, 513 U.S. 1183 (1995) ("the

4  correctness of the state court resolution" of a Fourth Amendment claim

5  is "an issue which Stone v. Powell makes irrelevant"). Any allegation

6  that the state court's factual findings were not supported by the

7  evidence fails to demonstrate that Petitioner lacked a full and fair

8  opportunity to litigate his Fourth Amendment claims in state court.

9  See Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005), cert.

10  denied, 548 U.S. 927 (2006). For these reasons, Petitioner is not

11  entitled to habeas relief on Ground Three of the Petition.

12

13  IV.  **Petitioner's Challenge to the State Court's Refusal to Conduct a**

14  **New Sentencing Hearing on Remand Does Not Merit Habeas Relief.**

15

16  Petitioner contends that the trial court erred in refusing to

17  conduct a new sentencing hearing following denial of the suppression

18  motion on remand (Petition, p. 6). As mentioned above, in the Court

19  of Appeal's first opinion, the Court of Appeal reversed the judgment

20  and remanded the matter "for further proceedings consistent with this

21  opinion." See People v. Walker, 2004 WL 2809518, at *7. After the

22  trial court denied Petitioner's motion to suppress on remand,

23  Petitioner's counsel argued that the court should reset the matter for

24  a new trial (Remand R.T. 263-64). The court ruled, as a matter of

25  California law, that an order reinstating the judgment was appropriate

26  and consistent with the Court of Appeal's opinion (Remand R.T. 268-

27  69). The Court of Appeal later affirmed, holding under state law that

28  the trial court "was correct in its assumption that following a new

21

1  suppression hearing, if the motion [to suppress] was denied, the court
2  was required to reinstate the judgment." People v. Walker, 2006 WL
3  3307077, at *4.

5      As previously indicated, in conducting habeas review, a federal
6  court is limited to deciding whether a conviction violated the
7  Constitution, laws, or treaties of the United States. Estelle v.
8  McGuire, 502 U.S. at 68. "[I]t is not the province of a federal
9  habeas court to reexamine state-court determinations on state-law
10 questions." Id. at 67-68.   To the extent Petitioner raises a claim of
11 alleged state law error, any such claim is not cognizable on federal
12 habeas corpus review. Id.

14     To the extent Petitioner argues that the trial court's refusal to
15 conduct a new sentencing hearing was "fundamentally unfair" in
16 violation of Due Process, Petitioner's claim lacks merit.   Petitioner
17 argues that the judge on remand made a purported "finding" that
18 Petitioner had nothing to do with the robbery, and that in light of
19 asserted "new facts" including this alleged "finding" and Petitioner's
20 testimony at the suppression hearing on remand concerning Petitioner's
21 character and credibility, the court on remand should have held a new
22 Romero hearing (see Reply, p. 16, referencing Petitioner's Opening
23 Brief on Appeal, Respondent's Lodgment 13, at 31-35).[9]   However, the
24 sentencing court had not based Petitioner's sentence on any belief
25 that Petitioner was involved in the robbery (see R.T. 474-82).

27     [9]    In ruling on the suppression motion on remand, the
   trial court "accept[ed] Mr. Walker's position that he had nothing
28 to do with the robbery in this case" (R.T. 261).

22

1  Neither the prosecutor nor the court took issue with the statement of

2  Petitioner's counsel, at the Romero hearing, that the case "didn't

3  involve Mr. Walker being in the commission of any crime while in

4  possession of the firearm" (R.T. 476).  At sentencing, neither counsel

5  nor the judge mentioned any purported involvement of Petitioner in the

6  robbery.  On this record, Petitioner has not shown that the trial

7  court's refusal to conduct a new sentencing hearing was "fundamentally

8  unfair."

9

10  For the foregoing reasons, Petitioner is not entitled to habeas

11  relief on Ground Four of the Petition.

12

13  **V.**  **Petitioner's Challenge to His Sentence Does Not Merit Habeas**

14  **Relief.**

15

16  Petitioner contends his sentence violates the Eighth Amendment

17  (Petition, p. 6).  The Court of Appeal rejected this claim, citing

18  Ewing v. California, 538 U.S. 11 (2003), and Lockyer v. Andrade, 538

19  U.S. 63 (2003).  See People v. Walker, 2007 WL 3307077, at *5-6).

20

21  The Eighth Amendment forbids the imposition of "cruel and unusual

22  punishments."  United States Constitution, Amend. VIII.  In Rummel v.

23  Estelle, 445 U.S. 263, 265-66, 284-85 (1980) ("Rummel"), the Supreme

24  Court upheld a recidivist sentence of life with the possibility of

25  parole for the crime of obtaining $120.75 by false pretenses,

26  following prior convictions for fraudulent use of a credit card to

27  obtain $80 worth of goods and services and passing a forged check for

28  $28.36.  In Solem v. Helm, 463 U.S. 277, 289-90, 296 (1983) ("Solem"),

23

1  the Court struck down a recidivist sentence of life without the

2  possibility of parole for uttering a "no account" check for $100, "one

3  of the most passive felonies a person could commit," where the

4  petitioner had three prior third-degree burglary convictions and

5  convictions for obtaining money by false pretenses, grand larceny and

6  driving while intoxicated.  In Harmelin v. Michigan, 501 U.S. 957,

7  (1991), five Justices, although in disagreement regarding the

8  rationale, upheld a sentence of life without the possibility of parole

9  for a first offense of possession of more than 650 grams of cocaine.

10  In a concurring opinion, Justice Kennedy, joined by Justices O'Connor

11  and Souter, opined that a non-capital sentence could violate the

12  Eighth Amendment if it were grossly disproportionate to the crime.

13  Id. at 996-1009.  The Ninth Circuit subsequently recognized Justice

14  Kennedy's concurring opinion as the "rule" of Harmelin.  See United

15  States v. Bland, 961 F.2d 123, 128-29 (9th Cir.), cert. denied, 506

16  U.S. 858 (1992).

17

18      In 2003, the United States Supreme Court decided two cases

19  involving the constitutionality of sentences imposed under

20  California's Three Strikes Law.  In Ewing v. California, 538 U.S. 11

21  (2003) ("Ewing"), the Court upheld a sentence of twenty-five years to

22  life for felony grand theft consisting of the non-violent theft of

23  three golf clubs, where the defendant's prior offenses included

24  convictions for robbery, theft, grand theft auto, petty theft with a

25  prior, battery, multiple burglaries, possession of drug paraphernalia,

26  appropriation of lost property, unlawful possession of a firearm and

27  trespassing.  In Lockyer v. Andrade, 538 U.S. 63 (2003) ("Andrade"),

28  the Court upheld, under the standard of review set forth in 28 U.S.C.

1  § 2254(d), the California Court of Appeal's determination that a total
2  sentence of fifty years to life for two convictions of petty theft
3  with a prior theft-related conviction, arising out of two non-violent
4  incidents in which the petitioner shoplifted videotapes, was not
5  unconstitutional.  In Andrade, the petitioner's prior convictions were
6  for theft, residential burglary, transportation of marijuana, and
7  escape.  Andrade, 538 U.S. at 66-67.

8

9       In Andrade, the United States Supreme Court acknowledged that,
10  "in determining whether a particular sentence for a term of years can
11  violate the Eighth Amendment, we have not established a clear or
12  consistent path for courts to follow."  Andrade, 538 U.S. at 72.
13  However, the Court observed that "one governing legal principle
14  emerges as 'clearly established' under [28 U.S.C.] § 2254(d)(1): A
15  gross disproportionality principle is applicable to sentences for
16  terms of years."  Id.

17

18       Thus, "[t]he threshold determination in the eighth amendment
19  proportionality analysis is whether [Petitioner's] sentence was one of
20  the rare cases in which a . . . comparison of the crime committed and
21  the sentence imposed leads to an inference of gross
22  disproportionality."  United States v. Bland, 961 F.2d 123, 129 (9th
23  Cir. 1992, cert. denied, 506 U.S. 858 (1992) (citations and quotations
24  omitted); see Andrade, 538 U.S. at 73 (gross proportionality principle
25  "applicable only in the 'exceedingly rare' and 'extreme' case";
26  citations omitted); Harmelin v. Michigan, 501 U.S. at 1001 (1991)
27  (Kennedy, J., concurring) ("The Eighth Amendment does not require
28  strict proportionality between crime and sentence"); see also Cocio v.

25

1 | Bramlett, 872 F.2d 889, 892 (9th Cir. 1989) ("we are required to defer

2 | to the power of a state legislature to determine the appropriate

3 | punishment for violation of its laws based on principles of

4 | federalism, unless we are confronted with a rare case of a grossly

5 | disproportionate sentence").  Petitioner's claim fails at this

6 | threshold level.

7 |

8 |         In determining whether to infer gross disproportionality, the

9 | Court should examine whether Petitioner's sentence is justified by the

10 | gravity of his triggering offense and his criminal history.  See

11 | Ramirez v. Castro, 365 F.3d 755, 768 (9th Cir. 2004).  The Ninth

12 | Circuit has suggested that a Three Strikes sentence may not survive

13 | constitutional attack where both the triggering offense and the

14 | petitioner's prior convictions were relatively minor and non-violent.

15 | See id. at 767-73 (holding unconstitutional a Three Strikes sentence

16 | for one count of petty theft with a prior (the theft of a VCR worth

17 | $199), where the petitioner's prior criminal history consisted solely

18 | of two 1991 convictions for second-degree robbery obtained through a

19 | guilty plea, for which the petitioner's total sentence was one year in

20 | county jail and three years' probation); Reyes v. Brown, 399 F.3d 964,

21 | 969-70 (9th Cir. 2005), cert. denied, 547 U.S. 1218 (2006) (petitioner

22 | received a Three Strikes sentence for the triggering felony offense of

23 | perjury on a driver's license application, and his strikes consisted

24 | of a non-violent juvenile residential burglary conviction and a

25 | conviction for armed robbery; Ninth Circuit remanded to the district

26 | court for an evidentiary hearing on the issue of whether the armed

27 | robbery conviction was a "crime against a person" or involved

28 |

1  violence).[10]

2

3      However, the Ninth Circuit has upheld Three Strikes sentences

4  imposed for the offense of petty theft with a prior where the

5  petitioner had a significant criminal record including a prior

6  conviction or convictions involving violence.  In Rios v. Garcia, 390

7  F.3d 1082 (9th Cir. 2004), cert. denied, 546 U.S. 827 (2005), the

8  Ninth Circuit upheld a Three Strikes sentence for petty theft with a

9  prior, distinguishing Ramirez v. Castro because the petitioner in Rios

10 had struggled with a store loss prevention officer while committing

11 the triggering offense.  Rios v. Garcia, 390 F.3d at 1086.  The Court

12 further distinguished Ramirez v. Castro because the petitioner in Rios

13 had a prior robbery strike that "involved the threat of violence,

14 because his cohort used a knife."  Id.  Moreover, the petitioner in

15 Rios had a "lengthy criminal history and [had] been incarcerated

16 several times."  Id.  Similarly, in Nunes v. Ramirez-Palmer, 485 F.3d

17 432, 439 (9th Cir.), cert. denied, 128 S. Ct. 404 (2007), the Ninth

18 Circuit upheld a Three Strikes sentence for petty theft with a prior

19 where the petitioner's prior convictions included convictions for

20 rape, burglary, theft and robbery.  In Taylor v. Lewis, 460 F.3d 1093,

21 1100-01 (9th Cir. 2006), the Ninth Circuit upheld a Three Strikes

22 sentence for possession of .036 grams of cocaine, where petitioner's

23 prior convictions included felony convictions for second degree

24 _____

25      [10]   On remand, the District Court denied relief after
    determining that the armed robbery had involved the use of a
26  knife.  Reyes v. Calderon, No. CV 00-608, "Order, etc." (C.D.
    Cal. Dec. 7, 2006) (unpublished).  Reyes filed a notice of
27  appeal, but the Ninth Circuit denied a certificate of
    appealability.  See Reyes v. Calderon, No. 07-55050, Order (9th
28  Cir. May 25, 2007) (unpublished).

1  burglary, vehicle theft, voluntary manslaughter with a weapon-use

2  enhancement, and robbery with the use of a firearm, and several

3  misdemeanor convictions.

4

5       Recently, in <u>Gonzalez v. Duncan</u>, 551 F.3d 875 (9th Cir. 2008),

6  the Ninth Circuit ruled unconstitutional a Three Strikes sentence for

7  failing to update the petitioner's annual sex offender registration

8  within five working days of his birthday, where the petitioner's prior

9  convictions were for cocaine possession, commission of a lewd act on a

10  child under the age of fourteen, attempted rape by force, and second-

11  degree robbery.  <u>Gonzalez v. Duncan</u> suggests that a Three Strikes

12  sentence for a "technical"[11] and victimless violation of the law may

13  violate the Constitution even though the petitioner's criminal history

14  may not be completely devoid of violence, at least where the current

15  offense is "based on a violation of a technical regulatory requirement

16  that resulted in no social harm and to which little or no moral

17  culpability attaches," and "does not reveal any propensity to

18  recidivate."  <u>Id.</u> at 887.

19

20       Petitioner's triggering offense, possession of a loaded firearm

21  by a felon, is not a "technical" violation of law involving no social

22  harm or revealing no propensity to recidivate, and is not as passive

23  as the shoplifting offenses in <u>Andrade</u>.  "[B]eing a felon in

24

25       [11]    The <u>Gonzalez</u> court quoted a California Court of Appeal

26  case in which the Court of Appeal deemed Gonzalez' triggering
    offense "the most technical violation of the [sex offender]

27  registration requirement" which "by itself, pose[s] no danger to
    society."  <u>Gonzalez v. Duncan</u>, 551 F.3d at 877 (citation

28  omitted).

1 | possession of a firearm is plainly not as 'non-violent' as shoplifting
2 | sports equipment or stealing videotapes." Capps v. Giurbino, 2008 WL
3 | 5234720, at *6 (E.D. Cal. Dec. 16, 2008); see also Bethea v. Salazar,
4 | 2008 WL 4381545 (C.D. Cal. Sept. 23, 2008) ("petitioner's principal
5 | felony count for felon in possession of a firearm is considerably more
6 | serious and dangerous than the petty theft felonies that triggered the
7 | Lockyer defendant's sentence of 50 years to life (theft of videotapes
8 | worth less than $150)") (original emphasis); People v. Cooper, 43 Cal.
9 | App. 4th 815, 51 Cal. Rptr. 2d 106 (1996) ("the California legislature
10 | views the possession of a handgun by an ex-felon to be a serious
11 | offense").

12 |

13 | Also, and as the Court of Appeal pointed out, Petitioner's
14 | criminal history included: (1) a 1980 second degree burglary
15 | conviction; (2) 1984 convictions for carrying a loaded firearm and
16 | carrying a concealed weapon; (3) 1985 convictions for two robberies
17 | and three burglaries; (4) a 1989 conviction for possession of drugs or
18 | alcohol in prison; (5) a 1993 robbery conviction; (6) a 1998
19 | prostitution conviction; and (7) several parole violations. See
20 | People v. Walker, 2006 WL 3307077, at *5; see also C.T. 163-231
21 | [People's Sentencing Memorandum and attached exhibits]; C.T. 244-56
22 | [Probation Report]. Documents attached to the prosecution's
23 | sentencing memorandum indicate that the 1985 robbery convictions
24 | involved: (1) an incident where Petitioner kicked the victim and used
25 | a belt to choke her; and (2) an incident where Petitioner used a gun
26 | to force his way into the victim's home, pushed her into her bedroom,
27 | and threw her on the bed (C.T. 202-04).
28 | ///

1    Given the potential for violence demonstrated by the triggering

2    offense and Petitioner's lengthy criminal history which included

3    crimes involving violence or the threat of violence, this Court cannot

4    conclude that the Court of Appeal's decision upholding Petitioner's

5    Three Strikes sentence was contrary to, or an unreasonable application

6    of, clearly established Supreme Court law.  See 28 U.S.C. § 2254(d);

7    see also Bethea v. Giurbino, 2008 WL 4381545, at *6 (upholding Three

8    Strikes sentence for possession of a firearm by a felon, armed

9    criminal action and carrying a firearm in a public place, where

10   petitioner's criminal history included five robbery convictions);

11   Curtis v. Giurbino, 2005 WL 2789071, at *12 (E.D. Cal. Oct. 25, 2005),

12   aff'd, 248 Fed. App'x 773 (9th Cir.), cert. denied, 128 S. Ct. 662

13   (2007) (upholding two consecutive Three Strikes sentences for

14   possession of a firearm by a felon and evading an officer, where prior

15   convictions included two robberies in which petitioner struck the

16   victims).  Petitioner is not entitled to habeas relief on Ground Five

17   of the Petition.

18

19                           **RECOMMENDATION**

20

21       For the foregoing reasons, IT IS RECOMMENDED that the Court issue

22   an Order: (1) approving and adopting this Report and Recommendation;

23   and (2) directing that Judgment be entered denying and dismissing the

24   Petition with prejudice.

25

26       DATED:  June 22, 2009.

27                          _____/S/_____

                             CHARLES F. EICK
28                           UNITED STATES MAGISTRATE JUDGE


                                   30

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.